UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHARLES E. MASON | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-109 |
| | ) | |
| JIM LOWE; DARR SUMMERS | ) | |

**MEMORANDUM and ORDER**

Proceeding *pro se*, state inmate Charles E. Mason brings this civil rights action under 42 U.S.C. § 1983 against two officers at the Greene County Detention Center [GCDC] where he is now serving sentences of four-years and a consecutive forty-five days. Plaintiff has also submitted an application to proceed *in forma pauperis* and an affidavit, which reflects that he lacks sufficient financial resources to pay the required filing fee of $350.00. *See* 28 U.S.C. § 1914(a). Nevertheless, as a prisoner, plaintiff is not relieved of the ultimate responsibility of paying the filing and, therefore, is **ASSESSED** the civil filing fee. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

1. **Fee Collection Procedure**s

Plaintiff is permitted to pay the fee on an installment basis under 28 U.S.C. § 1915(b)(1)(A) and (B). Accordingly, the custodian of plaintiff's inmate

trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to plaintiff's' inmate trust account;

    or

    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the GCDC, to ensure compliance with the above fee-collection procedures.

2. **Plaintiff's Allegations**

According to the complaint and amended complaint, plaintiff's claims arose out of an alleged altercation between himself and defendant Jim Lowe. His description of the incident is succinct:

---

[1] Payments should be mailed to:     Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

Case 2:07-cv-00109   Document 5   Filed 10/31/08   Page 2 of 5   PageID #: 2

> "I was hit by officer Jim Lowe and I was charged and givin [sic] 45 days. I'm doing 4 years state time. He hit me and I hit him. But I was takeing [sic] up for myself."

Plaintiff alleges that, after the fracas, defendant Lowe threatened him and had other officers doing the same thing. Plaintiff further alleges that he was placed in the hole for nearly two months and that, during this time, he could not eat because he feared for his life. One specific threat made by this defendant was that plaintiff "would do the four years" and that he [defendant] would "get four years out of plaintiff's _ _ _."

Plaintiff would like to be moved out of Greene County because defendant Lowe's threats have made him fear for his life and health. Also, he would like for something to be done about the forty-five days of his life they are taking away.

3. **Screening the Complaint**

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

At the outset, plaintiff has made no allegations whatsoever against defendant officer Darr Summers. Because the plaintiff has not alleged that this defendant has infringed on his constitutional rights in any way, he has failed to state

a claim against defendant Summers.

As to plaintiff's contentions that defendant Lowe has threatened him and has told him that he would get "4 years out of plaintiff's _ _ _," this assertion is not actionable under § 1983. To state a colorable constitutional claim, plaintiff must show that a federal right was actually denied and not merely threatened to be denied. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989). No such showing has been made.

Also, to the extent that plaintiff is challenging any conviction which arose from the altercation between defendant Lowe and himself, a § 1983 action is not the proper avenue in which to attack such a conviction. Allegations which relate directly to the fact and duration of plaintiff's physical confinement for the "45 days of [his] life which they are taking away," must be raised in a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Furthermore, a petitioner who seeks habeas relief from an alleged unconstitutional conviction must first exhaust his available state court remedies by fairly presenting all his claims to the courts in the state where he was convicted. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). There is no indication in the complaint that this exhaustion requirement has been met.

Finally, plaintiff's request to be moved out of Greene County is not

4

anchored in the Constitution. "In fact, a prison inmate does not have a liberty interest in transfer from one prison to another for whatever reason or for no reason at all, within the State or to another State, regardless of differing conditions in the prisons." *Bazzetta v. McGinnis,* 430 F.3d 795, 804 (6th Cir. 2005) (citations omitted). Absent a claim of a constitutional violation, this federal court may not entertain this request.

4. **Conclusion**

Based on the above discussion, the Court finds that plaintiff has failed to state a claim against defendants and that, for this reason, his case should be and will be dismissed.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
